**Grady LARSON, Relator,**

v.

**D. AND G. FARMS, INC., Commissioner of Jobs and Training, Respondents.**

**No. C5–87–969.**

Court of Appeals of Minnesota.

Oct. 6, 1987.

Review Granted Dec. 18, 1987.

Grady Larson, pro se.

Marian M. Durkin, St. Paul, for D. and G. Farms, Inc.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, Sp. Asst. Atty. Gen., St. Paul, for Commissioner of Jobs and Training.

Considered and decided by NORTON, P.J., and MULALLY and LOMMEN, JJ.*, with oral argument waived.

## OPINION

MULALLY, Judge.

The Commissioner of Jobs and Training determined that respondent hired relator as an independent contractor, and later retained him as an employee. The Commissioner calculated relator's unemployment benefits accordingly. We conclude the evidence overwhelmingly indicates that relator was at all times respondent's employee, and we therefore reverse and remand for a recalculation of his benefits.

## FACTS

Respondent D. and G. Farms, Inc. is a wheat farming operation in Kennedy, Minnesota. During 1985, D. and G. Farms employed three general farm workers, Ernest Pietruszewski, Michael Danzl, and Craig Hanson. It is undisputed that all three of these workers were "employees" of D. and G. Farms.

Relator Grady Larson worked for D. and G. Farms from April 16, 1985 until October 10, 1985. The question whether he was an employee or an independent contractor during part of that time is disputed.[1]

Minn.Stat. § 268.04, subd. 12(13) (1984) includes agricultural labor as "employment", for unemployment compensation purposes, when:

(a) Such service is performed for a person who:

(i) during any calendar quarter in either the current or the preceding calendar year paid wages of *$20,000 or more* to individuals employed in agricultural labor, or

(ii) for some portion of a day in each of *20 different calendar weeks*, whether or not such weeks were consecutive, in either the current or preceding calendar year employed in agricultural labor *four or more individuals* regardless of whether they were employed at the same time.

(Emphasis supplied.) The parties dispute whether Larson was an independent contractor during a portion of the second quarter of 1985 (April-June); whether his wages as an employee during that quarter, when added to the other employees' wages, to-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

1. Minn.Stat. § 268.04, subd. 12(1) (1984) excludes from the definition of "employment" services performed by an independent contractor.

talled $20,000; and whether D. and G. had four "employees," including Larson, during 20 weeks in 1985.

D. and G. Farms claims it paid Larson $3,000 for the use of his tractor for 200 hours of spring seeding in April, and also paid him $3,000 to operate his tractor for those 200 hours; thus, D. and G. Farms concludes Larson was an independent contractor during that time. After June 5, however, D. and G. Farms concedes Larson was paid $6.00 per hour as a general farm worker.

Under this analysis, D. and G. Farms would not be subject to the unemployment laws, because Larson's wages as an "employee" in the second quarter, (i.e., from June 5 to June 30), when added to those of the three other employees, would not total $20,000, and Larson would have been an employee for less than 20 weeks in 1985.

Larson, on the other hand, argues that he was an "employee" of D. and G. Farms from April 16 through October 10—a total of 26 weeks within 1985. He bases this argument upon a claim that D. and G. Farms hired him in April as a general laborer at $6 per hour, and paid him a separate lump sum of $3,000 for the use of his tractor for spring seeding.

If Larson was in fact an "employee" beginning on April 16, his wages in the second quarter when added to the other employees' earnings would total $20,000 or more. In addition, if Larson's claim is accepted and he was an employee from April 16 until October 10, 1985, then D. and G. Farms would have employed four individuals in each of 20 different weeks in 1985.

Larson's application for unemployment compensation benefits resulted in several appeals and three hearings. Finally, a Commissioner's representative issued the two decisions which are the subject of the present appeal. In his first decision, the Commissioner reversed a determination by a Department referee that Larson was an "employee" from April 16 to October 10, earning $6.00 per hour as a general farm worker. The Commissioner instead found that Larson had received $3,000 for the use of his tractor and $3,000 for operating the tractor, and was therefore an independent contractor from April 16 to May 22, 1985. From May 23 to October 10, however, the Commissioner found that Larson was an "employee" of D. and G. Farms, earning $6.00 an hour. Based upon this finding, the Commissioner concluded that D. and G. Farms had paid total wages of $20,188.50 during the second quarter of 1985: $18,388.50 to the other three employees and approximately $1,800 to Larson. The Commissioner also concluded that each of D. and G. Farms' four employees had performed services for D. and G. Farms for at least 20 weeks in 1985: Pietruszewski had worked the entire year; Danzl had worked from January to December 23, Hanson had worked approximately 40–45 weeks, and Larson had worked approximately 20 weeks (from May 23 to October 10).

The Commissioner concluded that Larson had earned 20 credit weeks and $6,506 in wages credits during 1985. Based upon these figures, the Commissioner calculated Larson's weekly benefit amount at $162 and his maximum benefit amount at $2,268.

Larson appealed from the Commissioner's decisions, claiming he was not an independent contractor from April 16 to May 22, 1985, but was paid an hourly rate as an employee of D. and G. Farms. Under this analysis, Larson's weekly benefit amount and maximum benefit amount would be increased.

D. and G. Farms filed a notice of review, claiming that Larson's independent contractor status continued to June 5, rather than May 22, as the Commissioner found. Thus, D. and G. Farms argues that its employees were paid less than $20,000 in the second calendar quarter, and Larson was "employed" for less than 20 weeks during 1985.

## ISSUE

Does the record support the Commissioner's determination that Larson was an independent contractor from April 16 to May 22, and an employee thereafter?

## ANALYSIS

In cases involving the question whether an individual is an employee or an independent contractor, this court's scope of review is defined by the Administrative Procedures Act ("APA"). *See* Minn.Stat. § 268.12, subd. 13(4) (1984). The APA provides:

> [T]he court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are:
>
>     \*    \*    \*    \*    \*    \*
>
> (e) Unsupported by substantial evidence in view of the entire record as submitted; \* \* \*

Minn.Stat. § 14.69 (1986).

The Commissioner found that Larson "entered into an agreement with the employer whereby he would provide his tractor and operate the tractor for 200 hours of seeding \* \* \*," receiving a total of $6,000 for the rental and operation of his tractor. The Commissioner therefore concluded that Larson was an independent contractor during those 200 hours.

A close examination of the Commissioner's findings reveals inconsistencies which we believe cast serious doubt upon the Commissioner's conclusion. The Commissioner found that Larson had worked spring seeding until May 22; yet the Commissioner also found that Larson had received his first paycheck from D. and G. Farms on June 5. That check was for $3,011, and constituted payment for Larson's work from April 16 to June 5. If Larson was to be paid a lump sum of $3,000 for spring seeding from April 16 to May 22, the $3,011 payment for April 16 through June 5 does not make sense.

We must therefore conclude that the Commissioner erred, either by finding that May 22 was the end of spring seeding, or by finding that Larson was to be paid a lump sum of $3,000 for that seeding.

We conclude for several reasons that May 22 was the end of spring seeding, and Larson did not receive the $3,011 as a lump sum payment for the seeding. Evidence throughout the record indicates that the last day of spring seeding was, in fact, May 22. In addition, there is no evidence to contradict Larson's records that he was paid the $3,011 through June 5. Finally, we note that the Commissioner's representative reversed the referee's finding that Larson was paid $6.00 per hour throughout the seeding and thereafter. The referee had the opportunity to observe the witnesses, and his findings are consistent with each other. The Commissioner's representative's findings, on the other hand, are simply not consistent.

We also note that Larson's testimony as a whole was more believable than the testimony presented by D. and G.'s secretary. While the secretary, upon several occasions, changed her testimony or qualified her responses,[2] Larson's testimony was consistent and emphatic: he insisted that he was hired on April 16 to run the tractor and perform general farm labor at a rate of $6.00 per hour, and was paid an additional $3,000 for the use of his tractor.

The Commissioner's finding that Larson was an independent contractor from April 16 to May 22 is unsupported by substantial evidence in view of the entire record as submitted.

Rather, the evidence establishes that Larson was paid $6.00 per hour, beginning

---

2. At the first hearing, the secretary admitted that at some point after the seeding ended, the relationship between D. and G. Farms and Larson had changed; however, during the third hearing, she stated that Larson was never hired as an employee. In addition, her testimony changed from the first hearing when she thought the spring seeding had ended in May to the second hearing, where she stated the seeding had ended in June.

During the second hearing, the secretary tried to convince the referee that Larson's last day had been September 13 rather October 10, despite the fact that during the first hearing she had agreed that Larson's last day was October 10.

In addition, the record fails to reveal that the secretary ever specifically testified that Larson was paid a lump sum of $3,000 for his labor, in addition to the $3,000 for use of his tractor.

April 16, and that the first $3,011 was paid for his work between April 16 and June 5. This finding compels a conclusion that Larson was an employee, the same as Pietruszewski, Danzl and Hanson, between April 16 and October 10, 1985.

## DECISION

We reverse the Commissioner's conclusion that Larson was an independent contractor, and not an employee, from April 16 to May 22, and remand for a determination of Larson's weekly benefit amount and maximum benefit amount, based on a period of "employment" from April 15 through October 10.

Reversed and remanded.